**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
Southern District of Texas (State)

Case number (*If known*): ____________ Chapter 11

❑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name** — Legacy Reserves Operating LP

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   N/A

3. **Debtor's federal Employer Identification Number** (EIN) — 20-4307259

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 303 W. Wall Street (Number Street) | Number Street |
| Suite 1800 | P.O. Box |
| Midland TX 79701 (City State ZIP Code) | City State ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Midland (County) | Number Street |
| | City State ZIP Code |

5. **Debtor's website** (URL) — www.legacyreserves.com

6. **Type of debtor**

   ❑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☑ Partnership (excluding LLP)
   ❑ Other. Specify: ____________

Debtor Legacy Reserves Operating LP
Name

Case number (*if known*)

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2 1 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes. District ______ When ______ (MM / DD / YYYY) Case number ______
  District ______ When ______ (MM / DD / YYYY) Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☐ No
- ☑ Yes. Debtor Please see attached list. Relationship ______
  District ______ When ______ (MM / DD / YYYY)
  Case number, if known ______

Debtor Legacy Reserves Operating LP
Name

Case number (*if known*)

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☑ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

  What is the hazard? ______
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other ______

**Where is the property?** ______
Number Street

______

______ ______ ______
City State ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes. Insurance agency ______

  Contact name ______

  Phone ______

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

- ☑ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☑ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor: Legacy Reserves Operating LP
Name

Case number (*if known*) ______

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☑ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/18/2019
MM / DD / YYYY

✘ /s/ Albert E. Ferrara, III
Signature of authorized representative of debtor

Albert E. Ferrara, III
Printed name

Title General Counsel and Corporate Secretary of Legacy Reserves Inc.

**18. Signature of attorney**

✘ /s/ Duston McFaul
Signature of attorney for debtor

Date 06/18/2019
MM / DD / YYYY

Duston McFaul
Printed name

Sidley Austin LLP
Firm name

1000 Louisiana Street, Suite 5900
Number Street

Houston TX 77002
City State ZIP Code

(713) 495-4500
Contact phone

dmcfaul@sidley.com
Email address

24003309 TX
Bar number State

## Attachment 1

## Pending or Concurrent Bankruptcy Cases Filed by Affiliates

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered.

| Entity Name | District | Date | Case Number |
|---|---|---|---|
| Legacy Reserves Inc. | S.D. Tex. | June 18, 2019 | Not yet assigned |
| Legacy Reserves, GP, LLC | S.D. Tex. | June 18, 2019 | Not yet assigned |
| Legacy Reserves LP | S.D. Tex. | June 18, 2019 | Not yet assigned |
| Legacy Reserves Finance Corporation | S.D. Tex. | June 18, 2019 | Not yet assigned |
| Legacy Reserves Services LLC | S.D. Tex. | June 18, 2019 | Not yet assigned |
| Legacy Reserves Operating GP LLC | S.D. Tex. | June 18, 2019 | Not yet assigned |
| Legacy Reserves Energy Services LLC | S.D. Tex. | June 18, 2019 | Not yet assigned |
| Dew Gathering LLC | S.D. Tex. | June 18, 2019 | Not yet assigned |
| Legacy Reserves Marketing LLC | S.D. Tex. | June 18, 2019 | Not yet assigned |
| Pinnacle Gas Treating LLC | S.D. Tex. | June 18, 2019 | Not yet assigned |

**LEGACY RESERVES INC.**

**CORPORATE SECRETARY'S CERTIFICATE**

**JUNE 18, 2019**

I, Albert E. Ferrara, III, General Counsel and Corporate Secretary of Legacy Reserves Inc. (the "**Company**"), a Delaware corporation, do hereby certify that on June 10, 2019 the Company's Board of Directors adopted the resolutions attached hereto as **Exhibit A**.

*(Signature Page Follows)*

**IN WITNESS WHEREOF**, I have hereunto set my hand as of the date first written above.

By: ______________________________
Albert E. Ferrara, III
General Counsel and Corporate Secretary

**Exhibit A**

**RESOLUTIONS OF THE BOARD OF DIRECTORS**
**OF**
**LEGACY RESERVES INC.**
**A DELAWARE CORPORATION**

**WHEREAS**, the board of directors (the "Board") of Legacy Reserves Inc., a Delaware corporation (the "Company"), has considered presentations made by, and has reviewed and had the opportunity to ask questions about the materials presented by, the Company's management ("Management") and legal and financial advisors (the "Advisors") regarding the liabilities, liquidity and prospects of the Company, Legacy Reserves GP, LLC, a Delaware limited liability company, (the "General Partner"), Legacy Reserves LP, a Delaware limited partnership (the "Partnership"), Legacy Reserves Operating GP LLC, a Delaware limited liability company ("OLP GP"), Legacy Reserves Operating LP, a Delaware limited partnership ("OLP"), Legacy Reserves Services LLC, a Texas limited liability company ("Legacy Services"), Legacy Reserves Marketing LLC, a Texas limited liability company ("Legacy Marketing"), Legacy Reserves Energy Services LLC, a Texas limited liability company ("Legacy Energy Services"), Dew Gathering LLC, a Texas limited liability company ("Dew Gathering"), and Pinnacle Gas Treating LLC, a Texas limited liability company ("Pinnacle Gas" and collectively with Dew Gathering, Legacy Energy Services, Legacy Marketing, Legacy Services, OLP, OLP GP, the Partnership and the General Partner, the "Subsidiaries"), the strategic alternatives available to the Company and the Subsidiaries, and the impact of the foregoing on the Company's and the Subsidiaries' businesses (collectively, the "Strategic Alternatives"); and

**WHEREAS**, the Board, on behalf of the Company, acting in its individual capacity and in its capacity as the sole member of the General Partner, and on behalf of the General Partner acting in its individual capacity and its capacity as the general partner of the Partnership, and on behalf of the Partnership, acting in its individual capacity and its capacity as the sole member of each of Legacy Services and OLP GP, and on behalf of OLP GP, acting in its individual capacity and its capacity as general partner of OLP, and on behalf of OLP, acting in its individual capacity and its capacity as sole member of each of Legacy Marketing, Legacy Energy Services and Dew Gathering, and on behalf of Dew Gathering, in its individual capacity and its capacity as sole member of Pinnacle Gas (any and all such capacities being collectively referred to herein as the "Applicable Capacities") desires to approve the following resolutions.

**Commencement of Chapter 11 Case**

**WHEREAS**, the Board, acting in its Applicable Capacities, has discussed the Strategic Alternatives with Management and the Advisors and fully considered each of those alternatives available to the Company and the Subsidiaries, and has determined that it is in the best interests of the Company and the Subsidiaries to file petitions with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to pursue confirmation of a chapter 11 plan of reorganization consistent with the term sheet set forth in Exhibit A to the Restructuring Support Agreement (as defined below) (as such plan may be amended, modified or supplemented from time to time, the "Plan"), all in accordance with the terms and conditions set forth in that certain Restructuring Support Agreement (as such agreement may be amended,

modified or supplemented from time to time, the "Restructuring Support Agreement," and together with such other agreements, including the Backstop Commitment Agreement, contemplated by the Restructuring Support Agreement and necessary to effectuate the transactions specified in the Restructuring Support Agreement, the "Plan Documents") with such form of the Restructuring Support Agreement having been presented to the Board, which, acting in its Applicable Capacities, has considered and had the opportunity to ask questions about such Restructuring Support Agreement.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board, acting in its Applicable Capacities, has determined that it is advisable and in the best interests of the Company and the Subsidiaries to enter into the Plan Documents and consummate the transactions contemplated thereby, including the Plan, on the terms and subject to the conditions set forth in the Plan Documents;

**FURTHER RESOLVED**, that the Board, acting in its Applicable Capacities, hereby approves the Plan Documents and the transactions contemplated thereby, including the Plan, substantially in the form presented to the Board;

**FURTHER RESOLVED**, that the Chief Executive Officer, the President, the Chief Financial Officer, the General Counsel, the Chief Operating Officer, the Chief Information Officer, the Chief Accounting Officer, any Executive Vice President, any Vice President and the Corporate Secretary of the Company and the Subsidiaries, as applicable (collectively, the "Authorized Officers" and each an "Authorized Officer"), be, and each of them hereby is, authorized and empowered, in the name and on behalf of Company, acting in its Applicable Capacities, to negotiate, execute and deliver the Plan Documents in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable, the execution and delivery thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities;

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of Company, acting in its Applicable Capacities, to negotiate, execute, deliver, and file with the Bankruptcy Court all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (collectively, the "Chapter 11 Filings") in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable, the execution, delivery and filing thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities;

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, acting in its Applicable Capacities to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, appropriate or advisable in connection with the Company's and the Subsidiaries' chapter 11 cases (the "Chapter 11 Cases") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, consent payments, indemnities, taxes and other expenses such Authorized Officer deems necessary, appropriate or advisable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers,

agreements, certificates and/or instruments in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases, including the Plan Documents, in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable, the execution, delivery and filing thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities.

**Retention of Advisors**

**RESOLVED**, that, in connection with the Chapter 11 Cases, the Authorized Officers, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, acting in its Applicable Capacities, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company and the Subsidiaries, that such Authorized Officer deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases;

**FURTHER RESOLVED**, that the law firm of Sidley Austin LLP, 1000 Louisiana Street, Suite 5900, Houston, Texas 77002, is hereby retained and employed as attorneys for the Company in the Chapter 11 Cases;

**FURTHER RESOLVED**, that the financial advisory firm of Alvarez and Marsal North America, LLC, 700 Louisiana Street, Suite 3300, Houston, Texas 77002, is hereby retained and employed as financial advisors for the Company in the Chapter 11 Cases;

**FURTHER RESOLVED**, that the financial advisory firm of Perella Weinberg Partners LP, 767 Fifth Avenue, New York, New York 10153, is hereby retained and employed as investment bankers for the Company in the Chapter 11 Cases;

**FURTHER RESOLVED**, that the firm of Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California, 90245, is hereby retained and employed as claims agent for the Company in the Chapter 11 Cases; and

**FURTHER RESOLVED**, that the Authorized Officers, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, acting in its Applicable Capacities, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, consent payments, indemnities, taxes and other expenses such Authorized Officer deems necessary, appropriate or advisable, and (iii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable in connection with the retention and employment of professionals contemplated by the foregoing resolutions, the execution, delivery, performance and filing thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities.

**Debtor-in-Possession Financing**

**RESOLVED**, that the Board, acting in its Applicable Capacities, has determined, after consultation with Management and the Advisors, that, subject to approval of the Bankruptcy Court, the Company and the Subsidiaries, as debtors and debtors in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized to (i) enter into one or more new debtor in possession financing facility and any associated documents and consummate, and perform under, the transactions contemplated therein (collectively, the "Financing Transactions") with such lenders and on such terms substantially consistent with those presented to the Board and in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable for the continuing conduct of the affairs of the Company and the Subsidiaries the execution and delivery thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities; (ii) pay related fees; and (iii) grant security interests in and liens upon all or substantially all of the Company's and the Subsidiaries' assets, in such case, as may be deemed necessary, appropriate or advisable by any one or more of the Authorized Officers in connection with the Financing Transactions; and

**FURTHER RESOLVED**, that (i) the Authorized Officers be, and each of them hereby is, authorized and empowered, for and on behalf of the Company, acting in its Applicable Capacities, and the Subsidiaries, as debtors and debtors in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents to facilitate the Financing Transaction in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable, the execution, acknowledgement, delivery and verification thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities (collectively, the "Financing Documents"); (ii) Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary, appropriate or advisable by any of the Authorized Officers are hereby approved; (iii) the Authorized Officers be, and each of them hereby is, authorized and empowered, for and on behalf of the Company, acting in its Applicable Capacities, and the Subsidiaries, as debtors and debtors in possession, to authorize counsel to draft, file and seek approval of the Financing Documents; and (iv) the actions of any Authorized Officers taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable, the execution, acknowledgment, delivery and verification thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities.

**Exit Facility Financing**

**RESOLVED**, that the Board, acting in its Applicable Capacities, has determined, after consultation with Management and the Advisors, that, subject to approval of the Bankruptcy Court, the Company and the Subsidiaries, as debtors and debtors in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized to (i) enter into one or more exit facilities (the "Exit Facilities") and any associated documents and consummate, and perform under, the transactions contemplated therein (collectively, the "Exit Facility Transactions") with such lenders and on such terms substantially consistent with those presented to the Board and in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem

necessary, appropriate or advisable for the continuing conduct of the affairs of the Company and the Subsidiaries, the execution and delivery thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities; (ii) pay related fees; and (iii) grant security interests in and liens upon all or substantially all of the Company's and the Subsidiaries' assets, in such case, as may be deemed necessary, appropriate or advisable by any Authorized Officer in connection with the Exit Facility Transactions; and

**RESOLVED**, that: (i) the Authorized Officers be, and each of them hereby is, authorized and empowered, for and on behalf of the Company, acting in its Applicable Capacities, and the Subsidiaries, as debtors and debtors in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable to facilitate the Exit Facility Transactions, the execution, acknowledgement, delivery and verification thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities (collectively, the "Exit Facility Documents"); (ii) Exit Facility Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary, appropriate or advisable by any Authorized Officer are hereby approved; (iii) the Authorized Officers be, and each of them hereby is, authorized and empowered, for and on behalf of the Company, acting in its Applicable Capacities, and the Subsidiaries, as debtors and debtors in possession, to authorize counsel to draft, file and seek approval of the Exit Facility Documents; and (iv) the actions of any Authorized Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable, the execution, acknowledgement, delivery and verification thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities.

**General Authorization and Prior Acts**

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, for and on behalf of the Company, acting in its Applicable Capacities, to take or cause to be taken any and all such actions and to enter into, execute and deliver, or to cause to be entered into, executed and delivered, any and all such acknowledgments, agreements, applications, certificates, declarations, instruments, contracts, notices, powers, statements and other instruments and documents, or to effect any filings with any and all appropriate regulatory authorities, as may be required or as any such Authorized Officer may deem necessary, necessary, appropriate or advisable to effectuate and carry out the transactions contemplated by, and the purposes and intent of, the foregoing resolutions; all such actions to be performed in such manner and all such acknowledgements, agreements, applications, certificates, declarations, instruments, contracts, notices, powers, statements and other instruments and documents to be executed and delivered in such form as the Authorized Officer performing or executing, or causing the execution of, the same shall approve, such Authorized Officer's performance or execution and delivery thereof to be conclusive evidence of such approval and the approval of the Board, acting in its Applicable Capacities;

**FURTHER RESOLVED**, that the authority granted to the Authorized Officer of the Company under the foregoing resolutions shall be deemed to include, in the case of each such resolution, the authority to perform such further acts and deeds for and on behalf of the Company, acting in its Applicable Capacities, necessary, appropriate or advisable, in the judgment of such Authorized Officers, to carry out the transactions contemplated thereby, and all acts and deeds previously performed by any of the Authorized Officers or advisors or counsel to the Company, for and on behalf of the Company, acting in its Applicable Capacities, prior to the date hereof that are within the authority conferred by the foregoing resolutions are each adopted, approved, ratified and confirmed in all respects as the authorized acts and deeds of the Company and the Subsidiaries, as applicable; and

**FURTHER RESOLVED**, that if any party requires that the authorizations of any of the foregoing matters be adopted in another form of resolutions, such resolutions, in such form as may be approved by any of the Authorized Officers of the Company shall be deemed to have been adopted hereby by the Board, acting in its Applicable Capacities, as of the date hereof.

| Fill in this information to identify the case: |
|---|
| Debtor name: Legacy Reserves Inc., et al., |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number (If known): ______________ |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association<br>15950 North Dallas Parkway, Suite 550<br>Dallas, TX 75248 | Shawn Goffinet, Assistant Vice President<br>Email - Sgoffinet@Wilmingtontrust.com<br>Phone - 972-383-3156 | 8% Senior Notes Due 2020 plus accrued interest | | | | $ 218,075,940 |
| 2 | Wilmington Trust, National Association<br>15950 North Dallas Parkway, Suite 550<br>Dallas, TX 75248 | Shawn Goffinet, Assistant Vice President<br>Email - Sgoffinet@Wilmingtontrust.com<br>Phone - 972-383-3156 | 6.625% Senior Notes Due 2021 plus accrued interest | | | | $ 134,248,713 |
| 3 | Wilmington Trust, National Association<br>15950 North Dallas Parkway, Suite 550<br>Dallas, TX 75248 | Shawn Goffinet, Assistant Vice President<br>Email - Sgoffinet@Wilmingtontrust.com<br>Phone - 972-383-3156 | 8% Convertible Senior Notes Due 2023 plus accrued interest | | | | $ 112,258,188 |
| 4 | Jupiter JV, LP<br>c/o TPG Opportunities Partners, L.P.<br>345 California Street, Suite 3300<br>San Francisco, CA 94104 | Matthew Dillard, Partner<br>Email - MDillard@tpg.com<br>Phone - 415-743-1500 | Trade Debt | Contingent, Unliquidated, Disputed | | | $ 3,854,000 |
| 5 | Terra Energy Holdings LLC<br>4828 Loop Central Drive, Suite 900<br>Houston, TX 77081 | Michael Land, CEO<br>Email - Mland@Terraep.com<br>Phone - 888-223-4595 | Trade Debt | | | | $ 3,115,425 |
| 6 | FTS International Services LLC<br>777 Main Street, Suite 2900<br>Fort Worth, TX 76102 | Lance Turner, Chief Financial Officer<br>Email - Lance.Turner@Ftsi.com<br>Phone - 817-862-2000<br>Fax - 866-877-1008 | Trade Debt | | | | $ 2,575,330 |
| 7 | McVay Drilling Co<br>401 East Bender<br>P.O. Box 2450<br>Hobbs, NM 88240 | Tina Flemens, Controller<br>Email - Tina@Mcvaydrilling.com<br>Phone - 575-397-3311 | Trade Debt | | | | $ 1,702,818 |
| 8 | B&L Pipeco Services Inc<br>20465 State Hwy 249 Suite 200<br>Houston, TX 77070 | Steve Tait, President & CEO<br>Email - Stait@Pipeco.com<br>Phone - 281-893-2868 | Trade Debt | | | | $ 1,192,737 |
| 9 | Devon Energy Production<br>333 West Sheridan Avenue<br>Oklahoma City, OK 73102-5015 | Jeff Ritenour, EVP & CFO<br>Email - Jeff.Ritenour@Dvn.com<br>Phone - 405-228-4260 | Trade Debt | | | | $ 1,093,103 |
| 10 | Kel Tech Inc<br>3408 East Highway 158<br>P.O. Box 11383<br>Midland, TX 79702-8383 | Frankie Keller, President<br>Email - Fkeller@Keltechinc.com<br>Phone - 432-684-4700<br>Fax - 432-686-8000 | Trade Debt | | | | $ 941,625 |
| 11 | New Tech Global Ventures<br>1030 Regional Park Drive<br>Houston, TX 77060 | Larry A. Cress, President & CEO<br>Email - Lcress@Ntglobal.com<br>Phone - 281-951-4330<br>Fax - 281-951-8719 | Trade Debt | | | | $ 878,068 |
| 12 | Basic Energy Services<br>801 Cherry Street, Suite 2100<br>Fort Worth, TX 76102 | Thomas M. Patterson, President & CEO<br>Email - Roe.Patterson@Basicenergyservices.com<br>Phone - 817-334-4100 | Trade Debt | | | | $ 726,731 |
| 13 | Citation Oil & Gas Corp<br>14077 Cutten Road<br>Houston, TX 77069-2212 | Christopher A. Phelps, SVP, Chief of Staff & CFO<br>Email - Cphelps@Cogc.com<br>Phone - 281-891-1000 | Trade Debt | | | | $ 656,592 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | Summit ESP LLC<br>835 West 41st Street South<br>Tulsa, OK 74107 | John Kenner, President & CEO<br>Email - Jkenner@Summitesp.com<br>Phone - 918-446-4471 | Trade Debt | | | | $ 575,293 |
| 15 | Borets US Inc<br>10497 Town and Country Way Suite. 310<br>Houston, TX 77024 | Wil Faubel, President<br>Email - Wil.Faubel@Borets.com<br>Phone - 713-980-4530<br>Fax - 713-980-4558 | Trade Debt | | | | $ 546,153 |
| 16 | C&J Spec-Rent Services Inc<br>3990 Rogerdale Road<br>Houston, TX 77042 | Don Gawick, President & CEO<br>Email - Don.Gawick@cjes.com<br>Phone - 334-222-1188<br>Fax - 361-767-2649 | Trade Debt | | | | $ 414,200 |
| 17 | Workstrings International LLC<br>1150 Smede Hwy<br>Broussard, LA 70518 | Greg Elliott, President<br>Email - Greg.elliott@workstrings.com<br>Phone - 337-989-9675<br>Fax - 337-492-0012 | Trade Debt | | | | $ 401,917 |
| 18 | Legacy Artificial Lift Solutions<br>3000 W. Interstate 20<br>Midland, TX 79701 | Scott Floyd, CEO<br>Email - Sfloyd@Legacyals.com<br>Phone - 432-207-3272 | Trade Debt | | | | $ 397,127 |
| 19 | Titan Petroservices LLC<br>6100 Interstate 20<br>Midland, TX 79706 | Valarie Sanchez, Controller<br>Email - Vsanchez@Titanpetroservices.com<br>Phone - 432-699-0000<br>Fax - 432-699-0001 | Trade Debt | | | | $ 362,050 |
| 20 | Key Energy Services Inc<br>1301 Mckinney, Suite 1800<br>Houston, TX 77010 | Louis Coale, Controller<br>Email - Lcoale@Keyenergy.com<br>Phone - 866-638-3716<br>Fax - 713-432-5717 | Trade Debt | | | | $ 325,522 |
| 21 | Gesch Contracting Inc<br>3101 S County Rd 1180<br>Midland, TX 79706 | Chance Gesch, President<br>Phone - 325-212-3877 | Trade Debt | | | | $ 322,645 |
| 22 | ASC Production Services Ltd<br>721 B T Washington Ave<br>Teague, TX 75860-2171 | Lori Leger<br>Email - Lori@Ascproductionservicesltd.com<br>Phone - 903-391-1265<br>Fax - 903-389-3387 | Trade Debt | | | | $ 308,011 |
| 23 | Irongate Rental Services LLC<br>19500 State Highway 249<br>Suite 600<br>Houston, TX 77070 | Tim Van Roekel, Controller<br>Email - Tim.Vanroekel@irondatees.com<br>Phone - 832-678-8585<br>Fax - 832-678-8586 | Trade Debt | | | | $ 307,654 |
| 24 | Apergy ESP Systems LLC<br>2445 Technology Forest Blvd<br>Building 4, 12th Floor<br>The Woodlands, TX 77381 | Sivasankaran Somasundaram, President & CEO<br>Email - Soma@Doverdfm.com<br>Phone - 281-298-4680 | Trade Debt | | | | $ 301,097 |
| 25 | Precision Well Service Inc<br>403 Commerce Drive<br>Gillette, WY 82718 | Daniel Lass, President<br>Email - Dannylass@Gmail.com<br>Phone - 307-680-9343 | Trade Debt | | | | $ 290,364 |
| 26 | Downhole Drilling Services LLC<br>1244 Petroleum Parkway<br>Broussard, LA 70518 | Kelly Hebert, President<br>Email - Khebert@Downholedrilling.com<br>Phone - 337-264-6433<br>Fax - 337-264-6028 | Trade Debt | | | | $ 267,414 |
| 27 | Endurance Lift Solutions LLC<br>6308 West Interstate 20<br>Midland, TX 79706 | Dan Runzheimer, President<br>Email - Runzheimer@Endurancelift.com<br>Phone - 252-555-0618 | Trade Debt | | | | $ 266,108 |
| 28 | General Datatech LP<br>999 Metromedia Place<br>Dallas, TX 75247 | JW Roberts, CEO<br>Email - Jroberts@Gdt.com<br>Phone - 214-857-6100<br>Fax - 214-857-6500 | Trade Debt | | | | $ 250,740 |
| 29 | KTX Electric LLC<br>3700 N County Road 1150<br>Midland, TX 79705-9563 | Larissa Keller, Controller<br>Email - Lkeller@Ktxelectric.com<br>Phone - 432-686-1079 | Trade Debt | | | | $ 243,650 |
| 30 | David Crichton<br>c/o The Spence Law Firm<br>15 S. Jackson St.<br>P.O. Box 548<br>Jackson, WY 83001 | Kristeen Hand, Partner<br>Email - Hand@spencelawyers.com<br>Phone - 307-733-7290<br>Fax - 307-733-5248 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

**Fill in this information to identify the case and this filing:**

Debtor Name Legacy Reserves Operating LP

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (*If known*): ________________

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/18/2019
MM / DD / YYYY

✘ /s/ Albert E. Ferrara, III
Signature of individual signing on behalf of debtor

Albert E. Ferrara, III
Printed name

General Counsel and Corporate Secretary of Legacy Reserves Inc.
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **LEGACY RESERVES OPERATING LP,** | § | **Case No. 19-_____ (__)** |
| | § | |
| **Debtor.** | § | **(Joint Administration Requested)** |
| | § | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following list identifies all corporations, other than a governmental unit, which directly or indirectly own 10% or more of any class of equity interests in the above-captioned Debtor:

| Direct Owner | Indirect Owner |
|---|---|
| Legacy Reserves LP | Legacy Reserves Inc. |

**Fill in this information to identify the case and this filing:**

Debtor Name Legacy Reserves Operating LP

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (*If known*): ____________________

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/18/2019
MM / DD / YYYY

✘ /s/ Albert E. Ferrara, III
Signature of individual signing on behalf of debtor

Albert E. Ferrara, III
Printed name

General Counsel and Corporate Secretary of Legacy Reserves Inc.
Position or relationship to debtor